**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

RICHARD W. TRACHUK, INC.
d/b/a ANDY THE ROOFER & CO.

      Debtor

Case No.:  20-24060-RAM

Chapter 11

_____/

RICHARD W. TRACHUK, INC.
d/b/a ANDY THE ROOFER & CO.

          Plaintiff,

v.

AMERICAN BUILDERS & CONTRACTORS
SUPPLY, INC., trading as ABC SUPPLY CO,
INC.; BEACON SALES ACQUISITION, INC.,
d/b/a ALLIED BUILDING PRODUCTS;
EXTREME METAL FABRICATORS, LLC

          Defendants.

Adv. No. 21-_____-RAM

_____/

**ADVERSARY COMPLAINT FOR INJUNCTION**
**TO EXPAND SCOPE OF AUTOMATIC STAY TO RICHARD W. TRACHUK,**
**GUARANTOR OF THE DEBTOR'S BUSINESS DEBTS PURSUANT TO 11 USC 362(a)**

      RICHARD W. TRACHUK, INC. d/b/a ANDY THE ROOFER & CO. ("Debtor" and

"Plaintiff"), by and through undersigned counsel, and pursuant to 11 U.S.C. §362(a), sues

American Builders & Contractors Supply, Inc., trading as ABC Supply Co. Inc.; Beacon Sales

Acquisition, Inc. d/b/a Allied Building Products; and Extreme Metal Fabricators, LLC (each a

"Defendant," collectively "Defendants") for injunctive relief expanding the scope of the automatic

stay to include Richard W. Trachuk, President of Debtor and personal guarantor of certain debt

owed to the above-named Defendants, and in support therefor states as follows:

## THE PARTIES

1.      Debtor is a Florida corporation with its principal place of business located at 210 W 2nd Ct., Key Largo, Florida 33037-2611.

2.      Debtor filed for voluntary relief under Chapter 11 of the Bankruptcy code on December 29, 2020.

3.      Richard W. Trachuk ("Trachuk") is an individual, who at all relevant times was, and is, the President and Owner of the Debtor.

4.      Defendant, American Builders & Contractors Supply, Inc., trading as ABC Supply Co. Inc. is a Wisconsin Corporation with its principal place of business located at One ABC Parkway, Beloit, Wisconsin 53512-0838, and its Florida registered agent known as Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

5.      Defendant, Beacon Sales Acquisition, Inc. d/b/a Allied Building Products is a Virginia Corporation with its principal place of business located at 505 Huntmar Park Drive, Suite 300, Herndon, Virginia, 20170, and its Florida registered agent known as Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

6.      Defendant, Extreme Metal Fabricators, LLC is a Florida corporation with its principal place of business located at 2160 SW Poma Dr., Palm City, Florida 34990.

## JURISDICTION

7.      This Court has jurisdiction to consider this Proceeding pursuant to 28 U.S.C. §§157 and 1334, and Federal Rules of Bankruptcy Procedure 7001. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. The statutory basis for the relief requested in this Motion is Bankruptcy Code section 362(a).

## BACKGROUND

8.      Debtor is a company in the business of roofing construction and repair.

9.      Debtor is currently engaged in various state court actions, as set forth below.

***American Builders & Contractors Supply Co., Inc. (2019-007826-CI)***

10.      On or about June 7, 2019, Debtor entered into an agreement with Defendant, American Builders & Contractors Supply Co., Inc. to buy materials used by Debtor in the course of business.

11.      In addition, Richard W. Trachuk personally guaranteed the payment on the agreement between the parties.

12.      On November 25, 2019, American Builders & Contractors Supply Co., Inc. filed a Complaint in the Circuit Court of Pinellas County, against Debtor and Richard W. Trachuk, individually. The complaint alleged that Debtor and Richard Trachuk, individually breached the agreement between the parties.

13.      Trachuk is currently set for deposition in this matter on January 28, 2021.

14.      On December 29, 2020, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On the same day a Suggestion of Bankruptcy was filed on the state case against Debtor in Pinellas County.

***Beacon Sales Acquisition, Inc. d/b/a Allied Building Products (2020CC001184)***

15.      On or about April 17, 2019, Debtor entered into a Business Credit Agreement with Beacon Sales Acquisitions to pay for certain services to be provided by Defendant Beacon.

16.      In addition, Richard W. Trachuk personally guaranteed the payment on the agreement between the parties.

17.      On August 6, 2020, Beacon Sales Acquisitions filed a Complaint in the County

Court of St. Lucie County, against Debtor and Richard W. Trachuk, individually. The complaint alleged that Debtor and Richard Trachuk, individually breached the agreement between the parties.

18.     On December 29, 2020, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On the same day a Suggestion of Bankruptcy was filed on the state case against Debtor in Pinellas County.

### *Extreme Metal Fabricators, LLC (2020CC001126)*

19.     Debtor entered into an agreement with Extreme Metal Fabricators where Debtor would pay for metal roofing materials and related services.

20.     In addition, Richard W. Trachuk personally guaranteed the payment on the agreement between the parties.

21.     On July 24, 2020, Extreme Metal Fabricators filed a Complaint in the County Court of St. Lucie County, against Debtor and Richard W. Trachuk, individually. The complaint alleged that Debtor and Richard Trachuk, individually breached the agreement between the parties.

22.     On December 29, 2020, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On the same day a Suggestion of Bankruptcy was filed on the state case against Debtor in Pinellas County.

23.     Debtor continues to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

24.     Trachuk, as the sole officer of Debtor, is actively and constantly involved in Debtor's day to day operations and is a necessary and vital component of keeping the Debtor operational. Trachuk is the company's sole employee and is responsible for all aspects of the company, its work, and decision making.

25.     Pursuant to 11 U.S.C. §362(a), the filing of a petition for reorganization under

Chapter 11 of the Bankruptcy Code automatically stayed recovery of claims against the Debtor that arose before the Petition Date.

## RELIEF REQUESTED

26.     By this Adversary Proceeding, Debtor respectfully requests the entry of a judgment against the Defendant expanding the scope of the automatic stay to Trachuk, Sole Officer and personal guarantor of Debtor's business debt pursuant to Bankruptcy Code Section 362(a).

## BASIS FOR RELIEF

27.     The scope of the automatic stay should be extended and applied to Debtor Sole Officer as it applies to the Defendants' collection activity.

28.     Prosecution by Defendants of the personal guaranties against Trachuk will have an immediate adverse economic consequence for the Debtor's estate.

29.     If prosecution of the personal guaranties against Trachuk is permitted to go forward, it will serve as a distraction from the running of Debtor's business, take time away from performing roofing jobs, and thus cause irreparable harm to Debtor's reorganization efforts.

30.     Here, application of §362(a) is warranted as it furthers the purposes behind the stay.

## IMMEDIATE ADVERSE ECONOMIC CONSEQUENCES

31.     Pursuant to 11 U.S.C. §362(a) the filing of a petition for reorganization under Chapter 11 of the Bankruptcy Code automatically stays recovery of claims against the Debtor that arose before the Petition Date.

32.     A bankruptcy court may properly stay proceedings against non-bankrupt co-defendants where "unusual circumstances" exist. *In re Lomas Financial Corp.*, 117 B.R. 64, 68 (S.D.N.Y. 1990).

33.     The Bankruptcy Court has the power to enjoin parties from proceeding against third

parties where the failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure debtor through those third parties. *In re Otero Mills, Inc*., 25 B.R. 1018 (NM 1982).

34.     Stated differently, the automatic stay can apply to non-debtors "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *In re Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

35.     In *Queenie*, the Court also states; "…that any prosecution of the personal guaranties against the officers will distract the Debtor's key personnel and, therefore, the Debtor will suffer adverse economic consequences as a result." *Id*.

36.     Any litigation or collection action would impose a burden on Debtor and further divert Debtor's resources and attention away from the bankruptcy process because all such issues, including any discovery, would be handled by the Sole Officer, individually. *Jefferson County*, 491 B.R. 277, 290 (Bankr. N.D. Ala. 2013). Additionally, a section 362(a) stay applies to proceedings against non-debtor defendants when discovery or depositions in those proceedings impose a burden on the debtor that would substantially hinder the debtor's reorganization. *Id*. That is the case here.

37.     A sole officer is such an integral part of a debtor in possession corporation that allowing any proceedings to move forward against them is tantamount to allowing proceedings to move forward against a debtor corporation.

38.     Here, Trachuk is the sole officer and employee of Debtor. His responsibilities include, but are not limited to, making all decisions regarding the company, attracting and retaining new business or clients, overseeing operations, performing the roofing work for the business, and practically everything else that comes with running a small business, such as Debtor. Any time

Trachuk spends at a deposition is time taken away from a roofing job to assist in Debtor's reorganization.

39.     Additionally, and perhaps most notably, in *re Jefferson County*, the Court explicitly stated that discovery was a key factor in the decision to extend the automatic stay. 491 B.R. at 277. In the present state court action, there is an upcoming deposition, both personally and as a 30(b)(6) deponent. The preparation and undertaking of these tasks will take significant time and energy away from Debtor's reorganization efforts, and limit the amount or type of jobs Debtor can take.

40.     Trachuk is the sole owner of Debtor. The prosecution of a claim against him will have an immediate adverse economic impact on the Debtor.

41.     *In re Lomas*, the two key officers of a bankrupt corporation were being sued and the court expanded the stay that automatically protected the corporation to also include the key officers. 117 B.R. 64 at 64-68.

42.     *In re Otero Mills, Inc*., the corporation filed for bankruptcy and the Court extended the automatic stay to cover the president because enforcement of the judgment against the officer would affect reorganization by detrimentally pressuring the debtor. 25 B.R. at 1018.

43.     A bankruptcy court may properly stay proceedings against non-bankrupt co-defendants where "unusual circumstances" exist.  Whereas "unusual circumstances" are cases "when there is such an identity between debtor and the third-party defendant that the debtor may be said to be the real party defendant and the judgment against third party defendant will in effect be a judgment or finding against the debtor." *In re Lomas Financial Corp*, 117 B.R. at 68.

44.     *In re Jefferson County*, the Court mentions that "unusual circumstances" that warrant applying the stay under 362(a)(1) to a non-debtor party, "…have been found "(1) when indemnification or contribution relationship creates an identity of interests between the debtor and

the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party." 491 B.R. at 284.

45.     The nature of the state court actions, burden of discovery and depositions, and impact of Trachuk on the operation and ultimate reorganization of the business, fall squarely within the Court's intent as addressed *in re Jefferson County*, 491 B.R. at 284.

46.     Bankruptcy Courts have resolved many times that they have the power to enjoin parties from proceeding against third parties where the failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure debtor through that third party. *In re Otero Mills*, 25 B.R. at 1020.

47.     Trachuk is such an integral part of the Debtor's operations and reorganization that allowing any proceedings to move forward against him is tantamount to allowing proceedings to move forward against the Debtor. Any distraction from the day to day business to prepare defense, respond to voluminous discovery, prepare for depositions, or any other activity related to the case will affect adversely the reorganization of Debtor.

## **IRREPARABLE HARM**

48.     Section 362(a) should be expanded to Mr. Trachuk; otherwise, Debtor's reorganization efforts will suffer irreparable harm. The Courts have held that if a lawsuit against relevant officers of a corporation that filed for bankruptcy were permitted to continue, "key personnel would be distracted from participating in the reorganization process causing [the debtor corporation] and its creditors both immediate and irreparable harm". *In re Lomas Financial Corp*, 117 B.R. at 67.

49.     Trachuk is responsible for making all major decisions regarding the company,

attracting and retaining new business or clients, overseeing operations, performing the roofing work for the business, and practically everything else that comes with running a small business.

50.     Trachuk is the heartbeat of Debtor. He is completed invested in Debtor's reorganization. Litigation, voluminous discovery, and depositions "would serve as a distraction to key . . . personnel, thus causing the corporation and its reorganization plan, irreparable harm." *In re Lomas Financial Corp*, 117 B.R. at 67.

51.     Additionally, the litigation would impose a burden on Debtor and further divert Debtor's scares resources away from the Chapter 11 process because any issues, such as discovery or depositions would take away from the Bankruptcy process, and Debtor's ability to perform jobs. As previously mentioned, the section 362(a) stay applies to proceedings against non-debtor defendants when discovery in those proceedings impose a burden on the Debtor that would substantially hinder the Debtor's reorganization. *In re Jefferson County*, 491 B.R. at 290.

52.     In sum, any responsibilities, efforts, and distractions added to Trachuk, besides the responsibilities of running Debtor and developing a plan of reorganization, such as the pending litigation, would be a significant burden.

## FURTHER PURPOSE OF THE STAY

53.     "Courts routinely cite the purpose behind the automatic stay when applying it to non-debtors." *In re Jefferson County*, 491 B.R. at 285.

54.     "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy." *In re Lomas Financial Corp*, 117 B.R. at 67, the court upheld a bankruptcy court's

imposition of the stay in a suit against officers of the debtor where the allegations in the complaint were actually against the debtor.

55.     Allowing a lawsuit to proceed against Trachuk would thwart the purpose of the automatic stay. "It would significantly infringe on [Debtor's] 'breathing spell' by requiring it to expend significant time and resources defending its interests in the action. *In re Jefferson County*, 491 B.R. at 287.

56.     Allowing the creditors' actions to continue creates a burden on Trachuk that diverts his attention away from the bankruptcy process. *See in* re *Jefferson County* 491 B.R. at 292.

57.     The need to respond to discovery, produce documents, attend depositions, meet with counsel, etc., would be a significant and immense burden on Trachuk, who is already responsible for the everyday operations of the business.

58.     Thus, applying the automatic stay to encompass the Trachuk, furthers the purpose behind the stay, gives Debtor a true breathing spell, and allows the Chapter 11 reorganization efforts to move forward without distraction

**WHEREFORE**, Debtor respectfully requests this Court enter a judgment: (1) expanding the scope of the automatic stay to Richard W. Trachuk; (2) and granting such other relief as this Court deems just and proper.

Dated:  January 26, 2021

**VAN HORN LAW GROUP, P.A.**
330 N Andrews Ave., Suite 450
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

By: /s/ Chad Van Horn, Esq.
Chad Van Horn, Esq.
Florida Bar No. 64500